Commonwealth, Appellant, *v.* Rowe.

Argued May 1, 1968. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

 reargument refused February 26, 1969.

.*Welsh S. White,* Assistant District Attorney, with him *Michael J. Rotko,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*James J. Boyle,* with him *Robert A. Rosin,* for appellee.

OPINION PER CURIAM, January 15, 1969:
Order affirmed by an evenly divided Court.
Mr. Justice MUSMANNO did not participate in the decision of this case.

———————

OPINION BY MR. JUSTICE EAGEN IN SUPPORT OF AFFIRMANCE:

Robert Rowe was convicted by a jury of murder in the first degree and the punishment was fixed at life imprisonment. Rowe's post-trial motion for a new trial was granted by the court en banc. The Commonwealth appeals.[1]

Rowe was charged with committing murder while participating with a T. L. Bailey in an armed robbery. At trial, the Commonwealth introduced in evidence,

———————

[1] Since the correctness of the order granting a new trial turns on a question of law, the Commonwealth may appeal. *Commonwealth v. Tabb,* 417 Pa. 13, 207 A. 2d 884 (1965).

over objection, a confession given by Rowe to the police and also a gun seized by the police during a search conducted pursuant to a search warrant issued by a magistrate. A pretrial motion to suppress the evidence of the gun and confession had previously been denied.[2]

In granting a new trial, the lower court ruled that the affidavit upon which the search warrant issued was insufficient to establish probable cause and hence the search and seizure were constitutionally invalid. It also suggested the possibility that the confession was the "fruit" of the illegal search and seizure and directed that a hearing be held prior to the second trial for the purpose of establishing an adequate record to determine this question.

The Commonwealth contends that the affidavit involved was legally sufficient and that, in any event, Rowe lacked standing to attack its validity. I will first consider the "standing" question.

Four days after the crime, the police secured the warrant involved, authorizing the search of the home of William Bailey, Sr., the father of T. L. Bailey, the other individual charged with participating in the crime. When the police arrived at the Bailey residence to conduct the search, Rowe was there visiting Bailey's family. He was taken into police custody approximately five hours later. The seized gun was the property of William Bailey, Sr.

The Commonwealth contends that the search, directed at and effected on premises in which Rowe had no substantial ties or possessory interest, and that the seizure of a gun he did not own, invaded no right of privacy which would entitle him to have the seized evidence excluded.

---

[2] Suppression of the confession was sought solely on the ground that it was involuntary. After a hearing the court found to the contrary.

For years courts generally rejected the right of an accused to object to the use of evidence allegedly seized in violation of the Fourth Amendment unless he owned or possessed the seized property or had a substantial possessory interest in the premises searched. E.g., *Connolly v. Medalie,* 58 F. 2d 629 (2d Cir. 1932) (L. HAND, J.). Thus guests, invitees and employees on the searched premises were denied standing. However, in *Jones v. United States,* 362 U.S. 257, 80 S. Ct. 725 (1960), the standing requirements were definitely liberalized and it was ruled that "anyone legitimately on premises where a search occurs may challenge its legality . . . . when the fruits are proposed to be used against him." Id. at 267, 80 S. Ct. at 734. That the protection of the amendment depends not upon a property right in the invaded place or the property seized is also made emphatically clear in *Mancusi v. DeForte,* 392 U.S. 364, 88 S. Ct. 2120 (1968), and *Katz v. United States,* 389 U.S. 347, 88 S. Ct. 507 (1967). Rather it depends upon whether or not the area searched "was one in which there was a reasonable expectation of freedom from governmental intrusion."[3] That the

---

[3] The Commonwealth's position in the instant case that the *Jones* decision should be limited to cases involving possession of contraband and was primarily intended to erase the undesirability of the dilemma formerly existing in such cases, that possession both confers standing and convicts of crime (since removed by the decision in *Simmons v. United States,* 390 U.S. 377, 88 S. Ct. 967 (1968), holding testimony given by an accused at a suppression hearing on the ground of an unconstitutional search and seizure may not be used at trial), was completely rejected in *Mancusi v. DeForte,* supra, where the court stated: "The petitioner contends that this holding was not intended to have general application, but that it was devised solely to solve the particular dilemma presented in Jones: that of a defendant who was charged with a possessory offense and consequently might have to concede his guilt in order to establish standing in the usual way. However, this limited reading of *Jones* overlooks the fact that in *Jones* standing was held to exist on two distinct grounds: '(1) [The circumstances

Bailey home was such an area to us appears beyond doubt. Therefore, it necessarily follows that Rowe has standing.

I also agree with the lower court's conclusion that the affidavit was insufficient to establish probable cause.

The affidavit consisted of the following: "It was learned that 38 Cal. Ammo, S & W type was purchased by William Bailey, who resides at 2252 N. 2nd Street on September 25, 1964 and this is the type of Ammo used in the slaying of Gus and Sam Holt which occurred at 177 W. Dauphin Street on 12-19-64. It was further learned that at or about the time of occurrence 5:55 P.M., two colored males were seen running west on Dauphin Street and South on Second Street, in the direction of 2252 N. 2nd Street."

Following the suppression hearing, the court found as a fact that the warrant was issued solely on the basis of the information contained in this affidavit. In other words, the magistrate was supplied with no other facts or circumstances to guide him in determining whether or not the warrant should issue. The correctness of this finding is clearly demonstrated by the record.

A search warrant may not issue except on probable cause supported by the complaint or affidavits filed therewith. *Aguilar v. Texas,* 378 U.S. 108, 84 S. Ct. 1509 (1964). The purpose of the complaint or affidavits is to give the magistrate the opportunity of

---

that] possession both convicts and confers standing . . . eliminates any necessity for a preliminary showing of an interest in the premises searched or the property seized . . . . (2) Even *were this not a prosecution turning on illicit possession,* the legally requisite interest in the premises was here satisfied. . . .' 362 U.S. at 263, 80 S. Ct., at 732. (Emphasis added.) Thus, the second branch of the holding, with which we are here concerned, was explicitly stated to be of general effect." U.S. at 368 n.5, 88 S. Ct. at 2123 n.5.

knowing and weighing the facts and determining objectively the need of invading privacy in order to enforce the law. *McDonald v. United States*, 335 U.S. 451, 69 S. Ct. 191 (1948). The issuance of the warrant may not be based on guess or conjecture or left to the discretion of the person seeking it. The magistrate must judge for himself the persuasiveness of the facts relied upon to show probable cause. *Aguilar v. Texas*, supra; *McDonald v. United States*, supra. If these facts are within the personal knowledge of the complainant or affiant, this should be disclosed to the magistrate because, if the facts have been gained from an informant (whose identity need not be disclosed) or other source, then the magistrate must be supplied with some of the "underlying circumstances" supporting the belief of the complainant or the affiant that the facts come from a reliable and credible source. Cf. *Giordenello v. United States*, 357 U.S. 480, 78 S. Ct. 1245 (1958); *Jaben v. United States*, 381 U.S. 214, 85 S. Ct. 1365 (1965); *Aguilar v. Texas*, supra; and, *United States v. Ventresca*, 380 U.S. 102, 85 S. Ct. 741 (1965).

In the instant case, as noted before, it is undisputed that the only facts given the magistrate are contained in the affidavit. He was not told if they were within the affiant's own personal knowledge or had been gained from someone else. He was merely told "it was learned." One would have to guess how the affiant came thereby. If gained from a third party, none of the "underlying circumstances" to support the belief that the source was credible and reliable were supplied. In short, the magistrate was deprived of the facts necessary to permit him, as "a neutral and detached public official," to judge for himself the persuasiveness of the facts relied upon to show probable cause.

Finally, I agree with the conclusion of the lower court that admission of the challenged evidence was not harmless error. In other words, we are not persuaded beyond a reasonable doubt "that there was no reasonable possibility that the evidence complained of might have contributed to the conviction." *Commonwealth v. Pearson*, 427 Pa. 45, 233 A. 2d 552 (1967).

I would affirm.

Mr. Justice O'BRIEN and Mr. Justice ROBERTS join in this opinion.