Commonwealth, Appellant, *v.* Bonser.

453

Argued September 11, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Stewart J. Greenleaf*, Assistant District Attorney, with him *Richard A. Devlin*, Assistant District Attorney, *Parker H. Wilson*, First Assistant District Attorney, and *Milton O. Moss*, District Attorney, for Commonwealth, appellant.

*Vincent A. Cirillo*, for appellee.

OPINION BY JACOBS, J., November 13, 1969:

On April 30, 1967, appellee struck a parked automobile while driving west on Montgomery Avenue in Lower Merion Township. He was arrested and charged with violating §1037 of The Vehicle Code, driving under the influence of intoxicating liquor, a misdemeanor. Upon being taken to the police station, appellee, under questioning, made a number of incriminating statements. There is conflict as to whether, and to what extent, appellee was advised of his rights under the

454

requirements of *Miranda v. Arizona*, 384 U.S. 436 (1966).

Appellee waived indictment by the grand jury. His motion to suppress the incriminating admissions was denied, January 31, 1968, after a hearing by Judge J. WILLIAM DITTER, who found that appellee did not intelligently waive his right to counsel, but held that *Miranda* did not apply to this case. Appellee was subsequently found guilty at trial before Judge DITTER without a jury in which the challenged statements were introduced into evidence. Appellee's motions for a new trial and in arrest of judgment were heard by the court en banc. The court en banc, on March 17, 1969, granted appellee's motion for a new trial upon holding that, (1) warnings required by *Miranda* are applicable to the charge of violating §1037 of The Vehicle Code, and (2) appellee did not knowingly and intelligently waive the rights accorded him by the *Miranda* warnings. The Commonwealth has appealed.

The Commonwealth's appeal is properly brought in this case since the question of whether appellee's statements should have been suppressed as unconstitutionally obtained evidence can be categorized as a "pure question of law." See *Gaskins Case*, 430 Pa. 298, 244 A. 2d 662 (1968); and *Commonwealth v. Tabb*, 417 Pa. 13, 207 A. 2d 884 (1965). See also *Commonwealth v. Rowe*, 433 Pa. 14, 249 A. 2d 911 (1969), discussed infra. While it might appear at first blush that a factual dispute as to the ability of appellee to waive his constitutional rights was decided by the court en banc, such was not the case. Both the trial judge and the court en banc agreed that appellee could not knowingly and intelligently waive his rights because of his intoxication, but differed as to the legal application of that fact.

Initially we are presented with a procedural problem. The Commonwealth argues that the court en banc

does not have the authority to reverse the trial judge who denied an application to suppress after a pretrial hearing. In support of this proposition the Commonwealth cites Pa. R. Crim. P. 323(j), Pa. R. Crim. P. 324(e), and *Commonwealth v. DeMichel,* 214 Pa. Superior Ct. 392 (1969). Pa. R. Crim. P. 323(j), effective as of February 3, 1969, provides that "[i]f the court determines that the evidence is admissible, such determination shall be final, conclusive and binding at trial" with an exception not here applicable. It makes little difference whether we apply the current rule or its predecessor, 323(e), which was effective until February 3, 1969, because 323(e) provided that if the court found the confession to be admissible the defendant "may not again raise the issue of admissibility at trial . . . ."

Since both the prior and current editions of rule 323 provide that the hearing be before a single judge, it would seem that, although the subsections quoted above refer to the findings of the "court", we should logically interpret that term to also refer to the hearing judge. This interpretation will best accommodate the apparent intent of the rule, which is to facilitate trial procedures. Consequently, a binding determination under rule 323 can be made by a single judge. The binding nature of such determination, however, is limited to the time of "trial" in its popular sense, that is, through verdict and until the case goes into the hands of the court en banc.

To hold otherwise would be contrary to the conception and function of the court en banc. Although there is no requirement in Pennsylvania that the court en banc hear motions for new trial and in arrest of judgment in criminal cases, when the court en banc does sit, it is a higher tribunal than one of its members sitting alone. This distinction was pointed out in

*Carter's Estate*, 254 Pa. 518, 527, 99 A. 58, 61-62 (1916), as follows: "By 'court' is to be understood a tribunal officially assembled under authority of law at the appropriate time and place for the administration of justice. By 'judge' is to be understood simply an officer or member of such tribunal."[1]

Furthermore, to hold that the court en banc could not grant a new trial in this situation would eliminate the need for post-trial argument and deprive the appellate courts of the benefit of a review by the court en banc. See comment in *Commonwealth v. Parker*, 294 Pa. 144, 148, 143 A. 904, 905 (1928). In our opinion it was not the intention of the courts in adopting these rules to prohibit the court en banc from passing on post-trial motions raising the issue of admissibility.

Nor do we think that Pa. R. Crim. P. No. 324(e), if applicable to this situation, prohibits review by the court en banc. That rule provides that "[a] determination by a judge of the court that the defendant was not denied his right to the assistance of counsel at the time the confession was made shall be final and the defendant may not again raise this issue . . . ." In *Commonwealth v. Washington*, 428 Pa. 131, 133, n.2, 236 A. 2d 772, 773 (1968), Justice ROBERTS said: "Of course, upon direct appeal from his conviction, the fi-

---

[1] Quoted with approval in a criminal case, *Commonwealth v. Robinson*, 102 Pa. Superior Ct. 46, 156 A. 582 (1931). See also *Hanover Twp. School Directors*, 290 Pa. 95, 102-03, 137 A. 811, 813 (1927), where, in describing the court en banc, the Court quotes Black's Law Dictionary with approval as follows: "Black's Law Dictionary, under the term 'banc,' defines a court in banc thus: 'The full bench, full court'; and 'sitting in banc,' as 'a meeting of all the judges of a court, usually for the purpose of hearing arguments on demurrers, points reserved, motions for new trial, etc., as distinguished from the sitting of a single judge at the assizes or at nisi prius and from trials at bar.' "

nality provision of Rule 324(e) would not preclude a defendant from litigating the correctness of the refusal to suppress his statements." In view of the superior status of the court en banc versus the individual judge, our desire for the benefit of the opinion of the court en banc and the fact that the first and essential steps toward a direct appeal are the filing of post-trial motions, we hold that this rule would not bar access to the court en banc.

We have carefully examined *Commonwealth v. De-Michel,* supra, and find no conflict with our holding.[2] In *DeMichel* the trial judge granted a motion in arrest of judgment on the basis that certain evidence held admissible by another judge of equal jurisdiction in a pretrial hearing should have been suppressed. We held that this could not be done because the decision of the first judge was final at the trial level. Although action was taken on a post-trial motion, such action was not taken by the court en banc but by a single judge. No effort was made to go beyond the trial level and the action of a single judge in reversing his colleague of equal jurisdiction amounted to a reversal "at trial." In *DeMichel* we had no intention of restricting the power of the court en banc.

In *Commonwealth v. Rowe,* supra, a pretrial motion to suppress evidence of a gun and confession was denied and the gun and confession were introduced against Rowe at trial. The court en banc granted a new trial on the ground that the search and seizure of the gun were constitutionally invalid and also directed a new hearing in regard to the confession prior to the second trial. The Commonwealth appealed and the order was affirmed by a divided court. The effect of

_____

[2] *DeMichel* was a case construing Pa. R. Crim. P. 2001, relief from illegal search and seizure. Rule 2001 has since been suspended by and consolidated with rule 323.

this decision was to uphold the power of the court en banc to reverse the hearing judge on the admissibility of constitutionally tainted evidence on post-trial motions. Although not a controlling precedent, and although this aspect was not discussed in Justice EAGEN's opinion in support of affirmance, we believe that it is procedurally correct and should be followed. Consequently, it was not error for the court en banc to grant appellee's motion for a new trial.

The Commonwealth also contends that an individual arrested for driving under the influence of alcohol is not entitled to the *Miranda* warnings before being subjected to custodial interrogation. We disagree.

The offense in this case constitutes a misdemeanor in Pennsylvania. We must first determine whether this fact distinguishes the case from those in which the constitutional safeguards under *Miranda* have been held applicable. Despite the fact that *Miranda* itself as well as the great bulk of decisions following it have been felony prosecutions, there is no indication that one accused of a misdemeanor, who faces the potential of a substantial prison sentence, must subject himself to police interrogation absent the fundamental safeguards afforded others.[3]

The holding in *Miranda* is expressed in the following general terms: "To summarize, we hold that when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the privilege against self-incrimination is jeopardized." 384

---

[3] The misdemeanor-felony distinction has been rejected in cases regarding the assistance of counsel at the entry of a plea. See *Harvey v. Mississippi*, 340 F. 2d 263 (5th Cir. 1965). Pa. R. Crim. P. 318 requires that the indigent accused in all capital and non-capital criminal prosecutions be represented by counsel without distinction between felony and misdemeanor prosecutions.

U.S. at 478. The 5th and 6th Amendments speak of criminal cases without distinction between felonies and misdemeanors.[4] Since a violation of §1037 is an indictable offense, it clearly falls within the category of a "criminal case" or "criminal prosecution." Our search reveals at least one Pennsylvania lower court case involving a misdemeanor prosecution where statements obtained from the accused without first warning him of his rights were suppressed. See *Commonwealth v. Crawford*, 43 Pa. D. & C. 2d 521 (1967) (failure to stop at the scene of an accident). In *Commonwealth ex rel. Joyner v. Brierley*, 429 Pa. 156, 239 A. 2d 434 (1968), the defendant was charged with carrying a concealed, deadly weapon, a misdemeanor. Although holding that his statement was voluntary and admissible, the Supreme Court recognized his right to the *Miranda* warnings when it said in reference to the time he was taken to City Hall, "He was not at this time advised of his rights to counsel and to remain silent, as required prospectively by Escobedo v. Illinois . . . and Miranda v. Arizona. . . ." *Id.* at 158, 239 A. 2d at 435. In *Commonwealth v. Barclay*, 212 Pa. Superior Ct. 25, 240 A. 2d 838 (1968), a misdemeanor case arising under The Vehicle Code, racing on the highway, this Court, although holding that the interrogation was not custodial, inferentially recognized the right to the *Miranda* warnings had there been in-custody police questioning.

The penalty for a violation of §1037 of The Vehicle Code is as follows: "Any person violating the provisions of this section . . . shall . . . be sentenced to pay

---

[4] The 5th Amendment provides: "No person . . . shall be compelled in any criminal case to be a witness against himself." The 6th Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel. . . ."

a fine of not less than one hundred dollars ($100.00) and not more than five hundred dollars ($500.00) . . . or undergo imprisonment for not more than three (3) years, or suffer both such fine and imprisonment." Consequently, the appellee if convicted, faces a substantial loss of liberty. Under these circumstances he is entitled to full protection under the Constitution as implemented by *Miranda*. Nor should there be any different holding because the offense is found in The Vehicle Code instead of The Penal Code.[5]

Finally the Commonwealth contends that even if the *Miranda* warnings apply to this case the appellee should not be permitted to say that he was too intoxicated to knowingly and intelligently waive his *Miranda* rights and, at the same time, say that he was not too drunk to operate his automobile. What actually happened was that the appellee chose not to testify at his trial. This was his absolute constitutional and statutory right no matter what he may have said at the suppression hearing. Rule 323(h) recognizes that right when it says, "[t]he defendant may testify at such hearing, and, if he does so, he does not thereby waive his right to remain silent during trial." The effect of the Commonwealth's argument would be to force a defendant who desires to remain silent at trial to forego his right to suppress unconstitutionally obtained statements.

Order affirmed.

---

[5] The Commonwealth cites cases from other jurisdictions involving drunk driving offenses where *Miranda* was held inapplicable. See *State v. Bliss*, 238 A. 2d 848 (Del. 1968); *State v. Gillespie*, 100 N. J. Super. 71, 241 A. 2d 239 (1968); *City of Columbus v. Hayes*, 9 Ohio App. 2d 38, 222 N.E. 2d 829 (1967). An examination of those cases reveals a significant distinction between them and the case before us. In the jurisdictions cited, driving under the influence is regarded as a minor offense for which moderate fines and prison terms are provided. In some the offense is summary in character.

DISSENTING OPINION BY WRIGHT, P. J.:

My disagreement with the majority opinion concerns only the final paragraph. Bonser pleaded not guilty to the charge of driving under the influence of liquor. He attempts to assert the diametrically contradictory proposition that he was too intoxicated to intelligently waive his *Miranda* rights. Bonser's constitutional privilege to remain silent at trial in no way affects the admissibility of his statements at the time of arrest. I am in full accord with the position of Judge DITTER, who filed a persuasive dissenting opinion in the court below. It is my view that we should reverse the order granting a new trial, and remand the case for sentencing.

WATKINS, J., joins in this dissenting opinion.