Commonwealth, Appellant, *v.* Ware.

518

Argued January 22, 1970.   Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*James D. Crawford,* Assistant District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Arthur F. Earley,* for appellee.

Opinion by Mr. Justice Roberts, May 27, 1970:

In January of 1967 appellee was convicted by a jury of voluntary manslaughter, aggravated robbery and conspiracy.   Post-trial motions were then filed, appellee asserting that his confession was obtained in violation of his constitutional rights and therefore should not

have been admitted at trial. The court en banc **agreed** with appellee and awarded him a new trial. The Commonwealth took this appeal and we affirm.

The facts surrounding the securing of appellee's confession are as follows: On January 27, 1966, appellee was awakened early in the morning and taken by police to the Police Administration Building for questioning in connection with a robbery-murder which had occurred approximately one month before. He was questioned extensively until late in the day, when police officers took him home. This procedure was again repeated on the next day. On January 31 appellee's sister gave police a statement indicating that appellee had killed a man on the date in question. The next day appellee was again taken to police headquarters. He was questioned from 11:30 A.M. until 5:30 P.M., when he finally made an oral admission. It was at this time that appellee was first warned of his constitutional rights.[1] Following the giving of the required warnings, appellee dictated a statement which he then signed. It was this final written statement which was introduced at trial.

The admissibility of the instant confession is controlled by *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602 (1966).[2] There the United States Supreme Court held: "To summarize, we hold that when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the privilege against self-incrimination is jeopardized. . . . He must be warned

---

[1] The court en banc found that the police at that time gave appellee all the warnings required under *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602 (1966).

[2] The case came to trial after June 13, 1966, and thus *Miranda* is applicable. *Johnson v. New Jersey,* 384 U.S. 719, 86 S. Ct. 1772 (1966).

*prior to any questioning* that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him *prior to any questioning* if he so desires. Opportunity to exercise these rights must be afforded to him *throughout* the interrogation. . . ." 384 U.S. at 478-79, 86 S. Ct. at 1630 (emphasis added). Thus the Supreme Court's holding is quite clear—a confession will be inadmissible if "the warnings came at the end of the interrogation process." *Westover v. United States,* 384 U.S. 436, 496, 86 S. Ct. 1602, 1639 (1966) (companion case to *Miranda*).[3]

There is no dispute over the fact that appellee was not given any of the required warnings until the end of his interrogation—i.e., after he orally admitted that he had participated in the killing and before this confession was reduced to writing. Hence, under *Miranda* the confession is clearly inadmissible. The Commonwealth points out, however, that after appellee gave his oral incriminating statement, one and one-half hours elapsed before the written confession was begun, during which time appellee was given the required warnings and was allowed to see his mother. These facts, the Commonwealth urges, show that the written confession was not tainted by the prior illegal questioning and confession, and hence the written confession

---

[3] The requirement that warnings be given before interrogation begins was emphasized throughout *Miranda*. E.g.: "[I]f a person is to be subjected to interrogation, he must *first* be informed in clear and unequivocal terms that he has the right to remain silent." 384 U.S. at 467-68, 86 S. Ct. at 1624 (emphasis added). "The principles announced today deal with the protection which must be given to the privilege against self-incrimination when the individual is *first* subjected to police interrogation . . . . It is at this point that our adversary system of criminal proceedings commences. . . ." 384 U.S. at 477, 86 S. Ct. at 1629 (emphasis added).

was properly admitted. We agree with the court en banc that this argument is without merit.

The Commonwealth relies primarily on *Commonwealth v. Moody*, 429 Pa. 39, 239 A. 2d 409, cert. denied, 393 U.S. 882, 89 S. Ct. 189 (1968). In *Moody*, which was decided under *Escobedo v. Illinois*, 378 U.S. 478, 84 S. Ct. 1758 (1964), the accused "unhesitatingly" replied to a general inquiry: "I shot my wife." He was then told he had a right to remain silent, after which he stated: "I want to get it off my chest. I want to tell the truth, I shot my wife." Relying on *Wong Sun v. United States*, 371 U.S. 471, 83 S. Ct. 407 (1963), we stated that the question was whether the confession had been obtained " ' " by the exploitation of that [primary] illegality or instead by means sufficiently distinguishable to be purged of the primary taint." ' " 429 Pa. at 45, 239 A. 2d at 413. Finding the statement truly voluntary and spontaneous and the product of the accused's "purge of conscience," we held it admissible.

The instant case is clearly distinguishable from *Moody*, where the confession was not obtained as a result of an illegal interrogation, but was spontaneously given to purge the accused's conscience. This is unlike the instant case, where the confession was obtained only after a three-day period of questioning. Clearly by the third day there was no doubt that the investigation had focused on the accused, and on that day seven hours of custodial interrogation preceded the required warnings. The statement given under such circumstances was a product of an illegal interrogation,[4] " 'come at by the exploitation of that ille-

---

[4] Cf. *Wong Sun v. United States*, 371 U.S. 471, 486, 83 S. Ct. 407, 416-17 (1963) (six or seven officers illegally broke into appellant's home, chased appellant down the hall to his bedroom where his family was asleep, and then handcuffed and arrested

gality.' " *Wong Sun v. United States,* 371 U.S. at 488, 83 S. Ct. at 417.

Further, as the court en banc stated, the short time lapse between the illegally obtained oral admission and the subsequent written confession cannot be considered sufficient time to remove the taint of the illegal custodial interrogation. Compare *Commonwealth v. Bordner,* 432 Pa. 405, 247 A. 2d 612 (1968) (various statements given over an eight-day period held tainted by prior illegalities). Nor can the recital of the required warnings at such a late stage in the interrogation process remove the taint. Custodial interrogation was nearly completed and an oral confession obtained before the giving of the warnings. To hold that giving warnings at this point can purge a written confession of the taint of illegal interrogation would be to completely eviscerate both the clear mandate and the specific holding of *Miranda*—the warnings must be given before any interrogation begins.

The Commonwealth raises two other claims, neither of which requires extended discussion. Initially the Commonwealth contends that the court en banc did not have the power to overrule the finding of the suppression court that the confession was admissible. This argument has already been correctly dealt with by the Superior Court in *Commonwealth v. Bonser,* 215 Pa. Superior Ct. 452, 258 A. 2d 675 (1969). There the Superior Court upheld a court en banc's power to reverse the finding of a suppression court, properly noting that "[t]o hold otherwise would be contrary to the conception and function of the court en banc." 215 Pa. Superior Ct. at 455, 258 A. 2d at 678. The Commonwealth seeks to distinguish *Bonser* by arguing that

appellant; held: statements given immediately after these events were not "sufficiently an act of free will to purge the primary taint of the unlawful invasion").

in the instant case the court en banc overruled the findings of fact of the suppression judge. The Commonwealth's assertion is incorrect, however; the court en banc's reversal was based only on a disagreement with the legal conclusions which the suppression judge drew from the facts. As *Bonser* demonstrates, this is a perfectly proper function of a court en banc.

The Commonwealth also urges that the confession was properly admitted by virtue of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §3501, asserting that this law "in effect overrules *Miranda*." We prefer to avoid the constitutional problems inherent in such an assertion, see generally *Marbury v. Madison*, 1 Cranch 137 (1803), by holding that the Act by its very terms only applies to "any criminal prosecution brought by the United States or by the District of Columbia," and hence is not applicable in State courts. *Commonwealth v. Bennett*, 439 Pa. 34, 264 A. 2d 706 (1970).

The order of the Court of Common Pleas, Trial Division, Criminal Section, of Philadelphia is affirmed.

Mr. Chief Justice BELL and Mr. Justice JONES dissent.