Commonwealth, Appellant, *v.* Williams.

Submitted March 16, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Martin H. Belsky,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Charles Robert Bernsee,* and *DiMassa, Bernsee & Marinelli,* for appellee.

OPINION BY SPAULDING, J., June 11, 1970:

This is an appeal by the Commonwealth from an order August 15, 1969, granting appellee Stanford Williams' Post Conviction Hearing Act petition. That petition sought to quash, after trial, an indictment

against appellee on the ground that appellee had not been given an opportunity to challenge the array of the Grand Jury prior to trial.

On February 28, 1966, appellee was convicted of burglary, larceny and receiving stolen goods, before a judge sitting without a jury in the Court of Common Pleas, Trial Division, Criminal Section of Philadelphia County. In November 1968, he filed a Post Conviction petition which was amended in 1969 to allege, inter alia, the question of challenge to the array of the Grand Jury. This petition was listed several times for a hearing, but because of administrative difficulties the appellee was never brought from prison. In July 1969, Judge CHALFIN denied counsel's motion to quash the indictments, but ordered the case listed again for an evidentiary hearing on other issues. He specifically instructed the court administrator that petitioner be present at the next listing. Appellee was not present at three subsequent listings before Judge DiBONA. On August 15, 1969, although advised by the court clerk that Judge CHALFIN, a judge of equal jurisdiction, had ruled against the motion to quash, Judge DiBONA vacated sentence and granted the motion to quash the indictments. Appellee was not present but he was represented by counsel at that hearing.

In *Commonwealth v. DeMichel*, 214 Pa. Superior Ct. 392, 257 A. 2d 608 (1969), this Court held that the trial judge could not overrule the decision of the suppression hearing judge regarding the admissibility of certain evidence. The policy behind that decision is an effort to avoid the relitigation of the same issue, and to prevent time consuming forum shopping on both sides. We find the principles of that case controlling here. Appellant argues that because Judge CHALFIN did not enter a separate order denying appellee's motion to quash there was no final determination of that question and Judge DiBONA acted within his power as

a post conviction judge. We do not agree. Judge CHAL-FIN'S ruling is a matter of record and is unambiguous.

The order of the court below is reversed and the record is remanded for prompt listing of a post-conviction hearing.