## Commonwealth v. Rickey, Jr.

*Edgar B. Bayley, Jr.,* for Commonwealth.

*John B. Mancke,* for defendant.

SHUGHART, P. J., November 10, 1971.—The above defendant was arrested for operating a motor vehicle while under the influence of alcohol in violation of

section 1037 of The Vehicle Code on August 6, 1971. Following an alleged "walk-the-line" test, defendant was taken to the State Police barracks at Carlisle where he was given a chemical test of his breath.

In a motion to suppress evidence, defendant contends that defendant was subjected to a "walk-the-line" test without having been advised of his constitutional rights as required by Miranda v. Arizona, 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966); that, because of this omission, there was no probable cause for defendant's arrest; and that the results of the chemical breath test must, therefore, be suppressed.

The testimony is in conflict as to whether or not defendant was subjected to a "walk-the-line" test, but we need not resolve this factual question and shall for the purpose of this opinion consider that defendant was subjected to the "walk-the-line" test without having been given his Miranda warnings. Likewise, although there may well have been sufficient evidence to warrant an arrest without the "walk-the-line" test in this case, for the purpose of our decision we shall assume that the result of the "walk-the-line" test was required to furnish probable cause for the arrest.

At the outset, it is important to note that we are dealing here with defendent's fourth amendment rather than his fifth amendment rights. The Supreme Court of the United States in Schmerber v. California, 384 U. S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826 (1966), which was decided the same year as the Miranda decision, made a careful distinction between the fourth and fifth amendment rights in driving under the influence cases and held that the fifth amendment was inapplicable where the evidence in issue was physical rather than oral statements. The court said, at page 764:

". . . both federal and state courts have usually

held that it offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, *to walk,* or to make a particular gesture. The distinction which has emerged, often expressed in different ways, is that the privilege is a bar against compelling 'communications' or 'testimony,' but that compulsion which makes a suspect or accused the source of 'real or physical evidence' does not violate it." (Italics supplied.)

The distinction made in the Schmerber case has been recognized in Pennsylvania in Commonwealth v. Statti, 166 Pa. Superior Ct. 577. In United States ex rel. Harris v. Hendricks, 423 F. 2d 1096 (3rd Cir.), the court said:

"Moreover, it has been squarely held that the Miranda doctrine does not require a suspect to be given a specific warning of his Fourth Amendment rights."

Defendant in this case relies on Commonwealth v. Bonser, 215 Pa. Superior Ct. 452; however, this decision is not apposite because it involved alleged statements made by a defendant which were protected under the Miranda decision. The case of Commonwealth v. Bloom, 50 D. & C. 2d 516, failed to make the distinction between fourth and fifth amendment rights as indicated above. Even if defendant was asked to "walk the line" without having been advised of his Miranda rights, the results of the test may not be excluded in determining whether probable cause for the arrest existed. It is not disputed that other evidence present, together with observation of defendant's mode of walking, constituted probable cause.

Defendant further contends that admitting there was probable cause for defendant's arrest, the results of the breath test must be suppressed because defendant was not advised of his rights under section

624.1(g) of The Vehicle Code, 75 PS §614.1, which provides as follows:

"The person tested shall be permitted to have a physician of his own choosing then and there administer a breath or blood chemical test in addition, and the results of such tests shall also be admissible in evidence."

Defendant relies upon the case of Commonwealth v. Dierkes, 51 D. & C. 2d 389, in support of this contention. We have recently filed an opinion in the case of Commonwealth v. Morrison, 20 Cumb. L. J. 93, (1971), in which we held that there was no requirement that a defendant charged with operating under the influence had to be advised of the provisions of this section by the arresting officer. See also Commonwealth v. Thompson, 52 D. & C. 2d 260.

The legislature has provided in section 624.1(a) of The Vehicle Code, 75 PS §624.1:

"If any person is placed under arrest and charged with the operation of a motor vehicle or tractor while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so, the test shall not be given but the secretary may suspend his license or permit to operate a motor vehicle. . . ."

We have already decided that there was probable cause for defendant's arrest; therefore, when the officer advised defendant of the above provision of this statute, no error was committed. The case of Commonwealth v. Klinedinst, 82 York 198 (1969), is inapplicable because in that case the court held there was no probable cause for an arrest.

We conclude that defendant was not entitled to the Miranda warnings before he was asked to "walk the line" if, in fact, this request was made of him. Further, there was no need for the arresting officer to advise

defendant of the provisions of section 624.1(g) which permitted him to have a physician of his own choosing administer a breath or blood chemical test to him. The motion to suppress the evidence must, therefore, be overruled.

## ORDER OF COURT

And now, November 10, 1971, for the reasons set forth in the foregoing opinion, defendant's motion to suppress evidence be and is hereby overruled and the petition is denied.