## Commonwealth, Appellant, *v.* Rowe.

Argued May 5, 1971.   Before BELL, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*David Richman,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Robert A. Rosin,* with him *James J. Boyle,* for appellee.

OPINION BY MR. JUSTICE BARBIERI, October 12, 1971:

Appellee, Rowe, was charged with the robbery murder of two candy store proprietors in December of 1964. Following the denial of various motions to suppress, appellee was tried before a judge and jury in Philadelphia, found guilty of murder in the first degree and sentenced to a term of life in prison. Posttrial motions were filed and the court *en banc* granted appellee's motion for a new trial ruling that the murder weapon, a revolver, should not have been admitted into evidence because the search warrant under which it had been obtained was constitutionally infirm. Our court affirmed the order of the court *en banc. Commonwealth v. Rowe,* 433 Pa. 14, 249 A. 2d 911 (1969).

In the course of its opinion before the former appeal, the court *en banc* found that it would be necessary to hold a pretrial hearing to determine whether or not the appellee's confession was "free from any elements of coerciveness due to unlawful seizure of the murder weapon." Pursuant to that *en banc* opinion, after the remand by this Court, a suppression hearing was held wherein appellee moved to suppress his oral and written confessions on the ground that he was coerced into making them by being confronted with the illegally seized murder weapon. The court below ordered the written confession suppressed, but denied the application to suppress the oral confession. It is from this order that the Commonwealth has now appealed.[1]

The essence of the Commonwealth's argument is that the court below reached its conclusion that the ap-

---

[1] Although the order denying appellee's motion to suppress is interlocutory and unappealable, the Commonwealth may appeal from an order granting a defendant's motion to suppress a confession. *Commonwealth v. Taper,* 434 Pa. 71, 253 A. 2d 90 (1969).

pellee's confession was tainted by the illegal seizure of the gun by misapprehending the "fruits of the poisonous tree" doctrine. See *Nardone v. United States*, 308 U.S. 338 (1939); *Wong Sun v. United States*, 371 U.S. 471 (1963). The Commonwealth asserts that *Wong Sun* requires that the confession be excluded only if obtained as a direct result of the utilization of illegally obtained evidence and that the record here fails to establish that the confronting of the appellee with the murder weapon had any coercive effect. Actually, the Commonwealth argues that the appellee was motivated to confess in this case by being informed that the brother of his co-conspirator had told the police that appellee had admitted committing the murders. Further, it is contended that appellee knew that the police had the weapon prior to his arrest, but did not flee because he was aware that the gun could not connect him with the murders.

The court below interpreted the authorities in this area as proscribing the use of illegally seized evidence in any manner. See *Wong Sun v. United States*, supra; *Silverthorne Lumber Co. v. United States*, 251 U.S. 385 (1920). The lower court then concluded: "By showing defendant the gun, which was illegally seized, during the course of the statement and *before it was signed*, the police officers used the gun in obtaining the statement. We cannot say what motivated the defendant but only the knowledge that the police had the gun may have motivated him. There is no doubt that it was used to help motivate him. Therefore, the signed 'formal' statement is the fruit of the illegal search and is suppressed." (Emphasis by the court below).

The facts here are not in dispute. Appellee was arrested at approximately 1:30 A.M. on December 24, 1964 and transported to police headquarters in Phila-

delphia. At 2:00 A.M., appellee was initially interrogated by a Detective McGurk, who preliminarily warned him of his right to remain silent and his right to counsel. The detective informed the appellee that the police had certain information, including the murder weapon which had been illegally seized.[2] The detective said nothing more about the revolver and did not show it to appellee at this time. The appellee confessed to the detective who then called in his superior officer who in turn listened to appellee's oral confession and then began to reduce that statement to writing. During the course of obtaining the written statement, but before it was signed, appellee was shown or confronted with the murder weapon.[3]

The court below, in reaching its conclusion, felt that it could not delve into the appellee's mind to determine what forces actually motivated him to confess and did not feel it was necessary to determine whether it was more likely that appellee confessed because he was shown or told of the weapon. The court did determine, however, that the weapon was used by the police to motivate the appellee to confess. As we read *Wong Sun* and its progeny, in our court and various federal courts, the court below was correct in its conclusion and reasoning.

In *Commonwealth v. Bishop,* 425 Pa. 175, 228 A. 2d 661 (1967), our Court stated, at 182-83, the following: "However, as we read Wong Sun, supra, it does not necessarily follow that all confessions or admissions secured from an illegally arrested person are per se inadmissible as trial evidence. It appears to us that for such to be so there must be a causal connection between

---

[2] The initial interrogation lasted ten minutes and in the course of that interrogation the detective told appellee: "We have the gun."

[3] The oral statements had been completely given by 2:30 A.M. and the police commenced reducing it to writing at that time.

the illegal arrest and the subsequent confession or admission, and that in Wong Sun the Supreme Court articulated at least two instances wherein a post-illegal arrest confession is admissible: (1) If the confession is 'sufficiently an act of free will to purge the primary taint of the unlawful invasion.' 371 U.S. at 486; or (2) If the 'connection between the arrest and the statement had "become so attenuated as to dissipate the taint"', 371 U.S. at 491." (Footnotes omitted). The Court below then concluded that the burden is on the Commonwealth to show that the connection between the arrest and confession is so tenuous or vague as to dissipate the taint or show that the confession was a voluntary act of free will.[4]

Although the present case involves the use of illegally seized evidence to procure a confession rather than an illegal arrest, the *Wong Sun* principles should and do apply with equal force in such circumstances. Here the evidence clearly shows that the illegally seized weapon was shown to the appellee while he was giving his written statement and that he had been told prior to that time that the police had the gun. Thus, the causal connection was shown and the Commonwealth had the burden of proving that the primary taint had been dissipated or that the confession was not only "truly voluntary, *but also* free of any element

---

[4] The Court below in footnote 7 noted that there were two major factors to consider in determining the relationship between the arrest and subsequent confession: "(a) the proximity of an initial illegal custodial act to the procurement of the confession; and (b) the intervention of other circumstances subsequent to an illegal arrest which provide a cause so unrelated to that initial illegality that the acquired evidence may not reasonably be said to have been directly derived from, and thereby tainted by, that illegal arrest." Quoting from *Commonwealth ex rel. Craig v. Maroney*, 348 F. 2d 22, 29 (3d Cir. 1965). *See also, Phelper v. Decker*, 401 F. 2d 232 (5th Cir. 1968).

of coerciveness"[5] due to the use of the illegally seized weapon.

The court below found factually that the weapon was used to help motivate the appellee to speak. Considering the proximity of the use of the weapon to the confession and the lack of any intervening independent circumstances to motivate the confession we cannot say that the court below erred in suppressing this written confession as being tainted. Our scope of review is limited to determining whether the decision of the court below "was a capricious disbelief of the evidence or was a palpable abuse of discretion or was based upon an error of law." *Commonwealth v. Taper,* 434 Pa. 71, 77, 253 A. 2d 90 (1969). On this basis we find no error in the ruling of the lower court.

Order affirmed.

Mr. Justice JONES took no part in the consideration or decision of this case.

---

CONCURRING OPINION BY MR. JUSTICE EAGEN:

I join in the opinion of Mr. Justice BARBIERI, however, I think it should be noted that the opinion herein is completely consistent with that of *Commonwealth v. Marabel,* 445 Pa. 435, 283 A. 2d 285 (1971).

In the instant case, unlike in *Marabel,* the police employed the initial illegality to secure Rowe's confession. Additionally, again unlike in *Marabel* the causal nexus between the initial illegality and Rowe's confession is clear. Lastly, herein Rowe was at a complete psychological disadvantage when confronted with the murder weapon which was in the possession of the police through impermissible constitutional means.