**Commonwealth v. Perez**

*Bradford Timbers, assistant district attorney,* for the Commonwealth.

*John P. Karoly Jr.,* for defendant.

McGINLEY, *J., En Banc,*[*] November 6, 1991—The issue before the court on post-trial motions is whether police officers had probable cause to search the de-

---

[*] Judge David E. Mellenberg sat on the en banc panel, but did not participate in this decision due to his untimely death on June 11, 1991.

fendant without a warrant when their information was based solely on an anonymous phone tip.

The facts of this case are not disputed. On August 24, 1988, Allentown police officers received a radio call to respond to the area of Seventh and Turner Streets, Allentown, Pennsylvania. The call indicated that there was a Latin or Hispanic female with a young child in the Seventh and Turner Streets area who was selling "dope" from a pink diaper bag. Unknown to the patrolmen, the basis for the radio call was an anonymous call to the police communications center.

Based on the above-stated information, police stopped the defendant, who fit the description, and who was walking north on Seventh Street toward Turner Street. The officers did not observe the defendant doing anything out of the ordinary or suspicious. The police explained they had certain information and informed her they needed to search her diaper bag. The search yielded $420 in cash and 10 packs of heroin totalling four-tenths of a gram. As a result of this search and the contraband found, the defendant was arrested.

Defendant filed an omnibus pre-trial motion seeking to suppress the evidence from the search. In an order dated August 14, 1989, the Honorable Maxwell E. Davison denied the motion for suppression of the evidence.

A trial by jury was waived by the defendant and she was found guilty of Counts I through IV (possession with intent, possession of a controlled substance, criminal conspiracy, and corruption of minors) before Carol K. McGinley, J.

Post-trial motions were timely filed on October 9, 1989. The issue raised by post-trial motions is whether an anonymous phone tip provides probable cause for the police to stop and search the defendant.

A court en banc has the power to review a determination by the hearing judge regarding the suppression of evidence on post-trial motions. *Commonwealth v. Rowe*, 433 Pa. 14, 249 A.2d 911 (1969); *Commonwealth v. Bonser*, 215 Pa. Super. 452, 258 A.2d 675 (1969).

As a general rule, a search is reasonable only if it is conducted pursuant to a search warrant issued by a magistrate upon showing of probable cause. *Commonwealth v. Danforth*, 395 Pa. Super. 1, 576 A.2d 1013 (1990). An exception to this rule applies if a police officer has probable cause to believe that a crime was committed or is in the process of being committed. *Commonwealth v. York*, 381 Pa. Super. 55, 552 A.2d 1092 (1989). The warrant requirement is separate from the probable cause requirement, and, even if the search may be performed without a warrant, the search still must be based on probable cause to believe that the person to be searched has violated the law. *Commonwealth v. Danforth, supra. New Jersey v. T.L.O.*, 469 U.S. 325, 83 L.Ed.2d 720, 105 S.Ct. 733, 738, 53 U.S.L.W. 4083 (1985), citing *Almeida-Sanchez v. United States*, 413 U.S. 266, 273, 37 L.Ed.2d 596, 93 S.Ct. 2535, 2537 (1973).

The test for determining whether probable cause for search warrants exists was stated by the U.S. Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 76 L.Ed.2d 527, 103 S.Ct. 2317 (1983). See also *Massachusetts v. Upton*, 466 U.S. 727, 80 L.Ed.2d 721, 104 S.Ct. 2085, 52 U.S.L.W. 3822 (1984). The court created a "totality of the circumstances" test which attempts to measure the quality of information and weigh the sources "veracity," "reliability" and "basis of knowledge." The *Gates* court also emphasized the need for corroboration of information by police investigation. The same approach was adopted under the Pennsylvania

Constitution in *Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1985). The test is as follows:

"The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying heresay information there is a fair probability that contraband or evidence of crime will be found in a particular place." *Illinois v. Gates, supra* at 238-39, 103 S.Ct. at 2332.

The same test has been applied when determining whether probable cause exists in warrantless arrest situations. *Commonwealth v. Butler,* 354 Pa. Super. 533, 512 A.2d 667 (1986).

The information provided to the police came from an anonymous phone tip. The defendant argues that the information provided by the anonymous informant under the facts of this case did not establish probable cause for the warrantless search. We agree.

In the *Gates* case, the police received an anonymous letter which stated that Lance and Sue Gates were selling and transporting drugs. The letter outlined how their trips to Florida were made, the role of both husband and wife in transporting the contraband from Florida to Chicago and specific dates they would be making a buy. The letter stated that the wife would be driving to Florida on a certain date, that the husband would be flying down to Florida a few days later, and that both parties would be driving a car loaded with drugs back to the Chicago area.

The police verified the name and address of the defendant and the fact that an "L. Gates" had made a flight reservation to Florida coinciding with the dates in the letter. Mr. Gates was then put under surveillance by the police. He boarded the flight to Florida, arrived

and checked into a room registered to "Susan Gates." Early the next morning, Mr. Gates left the motel with an unidentified woman in a car registered to the Gates with an Illinois license plate. The car headed north on an interstate which would be used to go to Chicago from Florida.

Based on the anonymous letter and the investigation and surveillance by the police, a search warrant was issued. A search of the automobile yielded 350 pounds of marijuana and other contraband. The U.S. Supreme Court found that there was sufficient probable cause to conduct the search due to the fact that the police corroborated the information contained in the anonymous letter. Important to the decision was the fact that the letter contained a range of details, including predictions as to the future actions of the defendants.

A similar set of circumstances presented itself in the case of *Commonwealth v. Price,* 318 Pa. Super. 240, 464 A.2d 1320 (1983). In *Price,* a search warrant was issued based on information received from an anonymous citizen. The citizen stated that she lived in the Richard Allen Project and that her son purchased drugs on October 7, 1980, from a Doreen Price at 1241 Catherine Street, Apartment 8-L. The mother stated that when she found these drugs she questioned her son about them. He said the procedure for buying the drugs was that he gathers orders from his friends, telephones Doreen at 985-0230, places his order and shortly thereafter picks up a packet at her apartment.

The police confirmed that Doreen Price resided at the stated address and maintained a telephone line with the above number. Additionally, a police officer went to this address, and while standing in a stairwell heard a male and female voice from within the apartment discussing prices. Also, while the door to the apartment

was open the police officer smelled a strong odor of marijuana.

The informant in the *Price* case had never previously provided information, so there was no independent degree of reliability to the information. The Pennsylvania Superior Court reasoned that because the police had done a sufficient degree of their own investigation which seemed to support the facts of the anonymous tip, there was a substantial basis for believing probable cause existed, and, therefore, a search warrant was proper.

In applying the "totality of circumstances" test in the situation of a warrantless search and arrest, we must determine if the police officer in the instant case had reason to believe a crime was being committed and that the defendant was the person committing the crime. The duty of this court is to insure·that the police officer "had a substantial basis for concluding that probable cause existed." See *Commonwealth v. Sorrell,* 319 Pa. Super. 103, 465 A.2d 1250 (1983). In addition to the above-stated considerations, we must keep in mind that the supplier of the information was an anonymous informant.

Similar facts to the case before us were presented in *Alabama v. White,* 110 L.Ed.2d 301, 1990 U.S. Lexis 3053, 110 S.Ct. 2412, 58 U.S.L.W. 4747 (U.S. 1990). In that case, an anonymous phone caller notified the police that a woman named Vanessa White would be leaving 235-C Lynnwood Terrace Apartments at a certain time in a brown Plymouth station wagon with a right tail lens broken, that she would be going to Dobey's Motel, and that she would be in possession of about one ounce of cocaine inside a brown attache case.

The officers on duty went to the address given by the anonymous phone caller and observed a woman leave apartment 235-C and get into the car that was

described. They followed the vehicle which took the most direct route to Dobey's Motel. Immediately before it reached its destination, the police officers stopped the vehicle, informed the driver she had been stopped because she was suspected of carrying cocaine, and searched a locked brown attache case in the car which contained marijuana. Police arrested the driver and during processing found cocaine in the defendant's purse.

The search was held valid by the Supreme Court of the United States under a "totality of the circumstances" approach because not only did the tip physically describe the defendant, the location where she was, and the car she was driving, but the tip also provided information as to future actions of this woman which the court reasoned bolstered the reliability of the anonymous tip.

The Commonwealth argues that the court should not consider the reliability or veracity of the anonymous person supplying the tip because the police officers were unaware that the information they received came from an anonymous source. Rather, the court should begin its probable cause analysis at the time the police received the transmission and the events that followed. In other words, the court should determine if the officers had a substantial basis for searching the defendant based on their knowledge at the time. This approach would completely disregard the constitutional safeguards of our system.

In the case at bar, the police officers stopped the defendant and searched her diaper bag based solely on an anonymous tip that merely described the physical traits of the defendant. If the information of this tip was found to be reliable, any law-abiding citizen would be subject to a search and arrest by merely fitting a

description that could be provided by any informant who could describe the clothes, location, and/or belongings of a person.

Missing in the present case is any information describing the future actions of the defendant as well as independent police investigation that could add credibility to the anonymous tip. There was no basis on which to credit the anonymous caller with any degree of veracity or reliability. Because the tip in this case merely described what an uninterested, uninformed third party could observe by catching a glance of the defendant on the street, we find that the police needed some type of corroboration in order to have probable cause to conduct a search. While the anonymity of the tip required further corroboration, we point out that the arresting officers were unaware of the anonymous nature of the call. Therefore, while the procedures do not pass constitutional muster, we specifically fail to find wrongdoing on the part of the police. While the result reached is constitutionally compelled, the trial court, in finding the defendant guilty, rejected defendant's contention that the contraband was placed there by someone else.

For the reasons this court finds that there was not probable cause to stop and search the defendant.

## ORDER

Now, November 6, 1991, upon consideration of the defendant's post-trial motions and the briefs and oral arguments of counsel, and for the reasons stated in the attached opinion, it is hereby ordered that defendant's motion for a new trial is hereby granted.